# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**MEADE ELECTRIC CO., INC.,**

          Plaintiff,

    **-vs-**

                                   **Case No. 12-C-1014**

**MILWAUKEE METROPOLITAN SEWERAGE DISTRICT,**

          Defendant.

## DECISION AND ORDER

This case arises from the installation of the Milwaukee Metropolitan Sewerage District's landfill gas pipeline. The plaintiff, Meade Electric Company, Inc., was the general contractor for installation of the pipeline from the Jones Island Water Reclamation Facility to the Emerald Park landfill in Muskego. Meade contends that it is entitled to compensation from MMSD for the removal of contaminated groundwater and wastewater. Now before the Court is MMSD's motion to compel Meade to answer an interrogatory and to hold Meade's responses to certain requests for admission inadequate.

MMSD's tenth interrogatory asked Meade to identify its "total actual costs to address removal of all groundwater from the Harbor Drive Area, broken out by labor, equipment, materials, and subcontracts. For labor, provide the dates and hours worked; for equipment, identify each piece of equipment—its ownership or rental costs; for subcontracts, identify the work performed by each subcontractor." In its response, which MMSD argues is evasive and incomplete, Fed. R. Civ. P. 37(a)(4), Meade explains that it

had no need to track actual costs since it was removing groundwater on a unit price basis. However, Meade's response concedes that "[a]fter MMSD wrongfully refused to abide by the contract and issue a Modification for payment of Bit Item #5 charges, Meade estimated costs for settlement purposes only." ECF No. 19-2, at 3. The refusal to at least disclose an estimate suggests that Meade is being evasive. Obviously, Meade must have some sort of logical methodology for calculating its damages. At bottom, that is all MMSD is asking for in this interrogatory.

Unfortunately, the balance of MMSD's motion is too confusing to meaningfully address. Both parties refer to the requests for admission generally and describe them in a piecemeal fashion, but the Court cannot figure out exactly what was asked-for and why Meade objected. Therefore, the Court cannot analyze the appropriateness of Meade's answers. Even if this aspect of the motion was properly briefed, MMSD failed to meet and confer with Meade prior to filing it. Fed. R. Civ. P. 37(a)(1).

MMSD's motion to compel [ECF No. 19] is **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2013.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 2 -