# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MEADE ELECTRIC COMPANY, Inc.,**

    Plaintiff,

    -vs-                                    Case No. 12-C-1014

**MILWAUKEE METROPOLITAN
SEWERAGE DISTRICT,**

    Defendant.

# DECISION AND ORDER

This matter is set for a bench trial on Meade Electric Company's equitable claim pertaining to its removal of "nearly five million gallons of groundwater from an 'open cut' portion of the [underground landfill gas] pipeline nearing the Jones Island Water Reclamation Facility in downtown Milwaukee." ECF No. 40, October 16, 2013 Decision and Order, at 1; 2013 WL 5651383, at *1. The defendant, Milwaukee Metropolitan Sewerage District, moves to exclude the introduction of certain evidence on the grounds of unfair prejudice and waste of time. Fed. R. Evid. 403.

As one court rather colorfully observed, filing a motion in limine in advance of a bench trial is "asinine on its face. Motions in limine are intended to prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Cramer v. Sabine Transp. Co.*, 141 F. Supp.

2d 727, 733 (S.D. Tex. 2001). The Court does not agree that *all* such motions are unnecessary or pointless. There are "trial management benefits to a motion in limine that . . . are equally applicable to a bench or jury trial." *Estate of Rick v. Stevens*, No. C 00-4144-MWB, 2002 WL 1713301, at *3 (N.D. Iowa July 2, 2002). But trial management is of minimal concern in a short, 1-2 day trial of an extremely narrow issue. Accordingly, there is no need to limit the presentation of evidence from either party.

MMSD's motion in limine [ECF No. 47] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**